IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CHAD BROWNE | § | |
| v. | § | CIVIL ACTION NO. 5:18cv93 |
| TDCJ-CID CENTRAL CLASSIFICATION OFFICE | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Chad Browne, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is the TDCJ Central Classification Office in Huntsville, Texas.

Title 28 U.S.C. §1915A requires district courts to review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This Report reviews Plaintiff's complaint under the standards set out.

**I. Background**

In his complaint, Plaintiff asserts on May 15, 2018, he was transferred to another unit when he was not supposed to be. He had been on the Neal Unit, but was transferred to the Telford Unit. Plaintiff states there was a posted notice at the Neal Unit telling inmates 2 Building was being

moved out so the building could be fixed up.  Plaintiff states according to the wardens and officers, only the inmates in 2 Building were being transferred, no one else.

Plaintiff, who was in 3 Building, asked if he was going to be transferred and the warden and officers told him no, it was only 2 Building.  However, Plaintiff was transferred to the Telford Unit despite the fact there were still people in 2 Building.  He contends as follows:

> They moved the people from 2 Building to 3 Building to take my spot which wasn't supposed to happen.  I was supposed to stay where I was but classification [in] Huntsville decided to transfer me to Telford and not the people in 2 Building to be transferred - I am not happy with Huntsville Classification for doing that to me.  Huntsville put me on the Neal Unit in Amarillo, Texas, they should keep me there for the rest of my life and not transfer me to another unit.  I never asked to be transferred to another unit - I never cause problems for the wardens and the officers at all.  I stayed out of trouble so I can make parole.  I would like the courts to help me get back to the Neal Unit in Amarillo.

(Docket no. 1, pp. 5-6).

Plaintiff attached grievances complaining about his being transferred instead of the people on 2 Building, even after being told he was going to stay at the Neal Unit.  He stated someone from 2 Building was put in his place on 3 Building and that person could have been sent to the Telford Unit instead of him.  He states "I feel you are retaliating against me because of my past," but does not elaborate further.

**II. Discussion**

Prison inmates do not have any constitutionally protected right or liberty interest in being housed at any particular prison facility within the state.  Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Yates v. Stalder, 217 F.3d 332, 334 (5th Cir. 2000).  Thus, Plaintiff had no constitutional right or expectation in remaining at the Neal Unit, and the fact he was transferred to the Telford Unit does not violate the Due Process Clause.  *See* Siebert v. Chandler, 586 F.App'x 188, 2014 U.S. App. LEXIS 23153, 2014 WL 6900831 (5th Cir., December 9, 2014), *citing* Yates and Meachum.

In the Step Two grievance appeal attached to the complaint, Plaintiff states he believes the transfer was retaliatory "because of his past."  Even assuming Plaintiff has properly raised a

retaliation claim, this claim plainly fails. The Fifth Circuit has held the elements of a retaliation claim are the invocation of a specific constitutional right, the defendant's intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, which is a showing that but for the retaliatory motive, the action complained of would not have occurred. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). This requirement places a heavy burden upon inmates, because mere conclusionary allegations will not suffice; instead, the inmate must produce direct evidence of retaliation or, the more probable scenario, a chronology of events from which retaliation may plausibly be inferred. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. Johnson, 110 F.3d at 310, *citing* Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995).

Plaintiff offers no specific facts in support of his claim of retaliation. He does not show he was retaliated against for exercising a specific constitutional right, nor that but for the alleged retaliatory motive, the action complained of would not have occurred. Instead, Plaintiff presents only his personal belief he was the victim of retaliation. He has not set out a chronology of events from which retaliation may plausibly be inferred, and his pleadings are not sufficient to set out a constitutional claim for retaliation. *See also* Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996).

**III. Conclusion**

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. Montoya v. FedEx Ground Packaging System Inc., 614 F.3d 145, 149 (5th Cir. 2010), *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged. Hershey v. Energy Transfer Partners, L.P., 610 F.3d 239, 245 (5th Cir. 2010); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a

probability requirement, but asks for more than a possibility the defendant has acted unlawfully. Twombly, 550 U.S. at 556.

Plaintiff's complaint fails to state a claim upon which relief may be granted because his complaint concerning his transfer from the Neal Unit to the Telford Unit does not show the infringement of any constitutionally protected liberty interest and to the extent he raises a retaliation claim, such claim is wholly conclusory and does not state a claim for relief which is plausible on its face. Consequently, the lawsuit should be dismissed.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed finding is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. See Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 15th day of April, 2019.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE